IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BONNY EDWARD TAYLOR, as the
Personal Representative and Administrator of
the ESTATE OF ALMUS REED TAYLOR                                    PLAINTIFF

v.                                    CIVIL ACTION NO. 2:14-CV-1163-KS-WC

HENRY P. HUGHES, et al.                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Exclude Plaintiff Expert Ron McAndrew ("Motion to Exclude McAndrew") [111] filed by Defendants Henry Hughes, Ben Hunter, Bill Blue, and Roy Parker (collectively the "Officer Defendants"), and the Motion to Exclude the Testimony of Richard Sobel, MD ("Motion to Exclude Sobel") [114], Motion to Strike Pete Gonzalez ("Motion to Exclude Gonzalez") [115], Motion to Exclude or Limit the Testimony of James R. Lauridson, M.D. ("Motion to Exclude Lauridson") [116], Motion to Strike Supplemental Expert Witness Disclosures of Pete Gonzalez ("Motion to Strike Supplemental Disclosures") [141], Motion to Strike the Affidavit of Medic Pete Gonzalez ("Motion to Strike Gonzalez Affidavit") [142], Motion to Strike the Affidavit of James R. Lauridson, M.D. ("Motion to Strike Lauridson Affidavit") [143], and Motion to Strike the Affidavit of Richard M. Sobel, M.D. ("Motion to Strike Sobel Affidavit") [144] filed by Defendant Advanced E.M.S., Inc. ("AEI"). After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

1. the Officer Defendants' Motion to Exclude McAndrew [111] is not well taken and should be denied;

2. AEI's Motion to Exclude Sobel [114] is not well taken and should be denied;

3. AEI's Motion to Exclude Gonzalez [115] should be deferred;

4. AEI's Motion to Exclude Lauridson [116] should be deferred;

5. AEI's Motion to Strike Supplemental Disclosures [141] is well taken and should be granted;

6. AEI's Motion to Strike Gonzalez Affidavit [142] is well taken and should be granted;

7. AEI's Motion to Strike Lauridson Affidavit [143] is not well taken and should be denied; and

8. AEI's Motion to Strike Sobel Affidavit [144] is not well taken and should be denied.

## I. BACKGROUND

Plaintiff Bonny Edward Taylor ("Plaintiff") brings this action on behalf of the Estate of Almus Taylor ("Taylor"), the decedent. She brings claims against Defendants under 42 U.S.C. § 1983 for violations of Taylor's rights to medical care under the Fourteenth Amendment, as well as various state law claims.

Taylor was involved in a single vehicle car wreck while intoxicated. After being assessed by emergency medical technicians ("EMTs") employed by AEI, Taylor was detained in the Covington County Jail. After spending the night in a holding cell despite complaining of pain, Taylor died enroute to the hospital the next morning. An autopsy revealed that he bled out due to a lacerated liver and lung.

## II. *DAUBERT* MOTIONS

### A. Standard of Review

The motions before the Court challenge the admissibility of expert testimony and opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993).

The admissibility of expert testimony is governed by F.R.E. 702, which states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court has explained that this rule places the district court into a gatekeeping role in order to ensure that scientific evidence is both reliable and relevant. *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1340 (11th Cir. 2003) (citing *Daubert*, 509 U.S. at 589, 113 S. Ct. 2786). The Eleventh Circuit has stated that, in determining the admissibility of expert testimony under F.R.E. 702, the Court must consider whether:

(1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusion is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue."

*Id.* at 1340-41 (alteration in original).

### B. Motion to Exclude McAndrew [111]

In their Motion to Exclude McAndrew [111], the Officer Defendants argue that McAndrew is not qualified to testify, does not use a reliable methodology, and will not assist the trier of fact in understanding the evidence.

First, the Officer Defendants argue that McAndrew is not qualified to offer an opinion as to the correct procedure that should have been followed when booking Taylor in the jail because most of his background deals with state correctional facilities and not county jails. The Court does not find this persuasive because, for one, McAndrew did work in the Orange County Jail in Florida, albeit for a short time, (*see* McAndrew Report [128-17] at p. 4), but more importantly, his experience is relevant to the standard of care for correctional facilities as a whole. Any discrepancies between the state system in Florida and the county jail system in Covington County can be addressed through cross-examination.

Second, the Officer Defendants contend that McAndrew's opinions are based solely on his own experiences and do not meet the reliability requirement of *Daubert*. However, McAndrew's report makes clear that he relied on a number of other sources in drawing his opinions, including, among other things, the American Correctional Association, American Jail Association, Performance-Based Standards for Adult Local Detention Facilities, Fourth Edition; the Covington County Policy/Procedure Manual; the United States Department of Justice, National Institute of Corrections, Jail Standards and Inspection Programs; and the Alabama State Board of Health Regulations. (*See* McAndrew Report [128-17] at pp. 5-6.)

Finally, though the Officer Defendants argue that McAndrew's testimony will not aid the trier of fact in determining the issues, the Court finds that it will. McAndrew's testimony goes towards the information the correctional officers should have relied on and the actions that they should have taken, which the jury might not fully understand if, as the Officer Defendants suggest, they were simply given the applicable excerpts from the Covington County Policy/Procedure Manual.

Therefore, finding that Plaintiff has met her burden under F.R.E. 702 and *Daubert*, the Court will **deny** the Motion to Exclude McAndrew [111].

C. **Motion to Exclude Sobel [114]**

Under the AMLA, expert testimony that a medical provider deviated from the standard of care can only come from a "similarly situated health care provider." *Holcomb v. Carraway*, 945 So.2d 1009, 1012 (Ala. 2006) (citing Ala. Code § 6-5-548(e)). In its Motion to Exclude Sobel [114], AEI argues that Sobel is not a similarly situated health care provider because he is a physician and not an EMT.

This Court faced a comparable question in *Coward v. Volvo Group North America, Inc.*, which both parties point to in support of their arguments. No. 2:08-CV-744-WKW-WO, 2009 WL 940381 (M.D. Ala. Apr. 6, 2009). In *Coward*, the Court addressed whether an orthopaedic hand surgeon was similarly situated to an EMT. In holding that he was not, the Court found that there was no evidence that the surgeon "was involved in transport of medically-injured patients, supervised the provision of care for medically-injured patients who were being transported in an ambulance or other emergency vehicle to a medical facility, or supervised EMTs or other similar care providers concerning locations of transport." *Coward*, 2009 WL 940381 at *5. Unlike the surgeon in *Coward*, however, Sobel does have experience in emergency medicine. He details this well in his report, stating

> I have been involved in the medical care of inmates for more than three decades both as an emergency physician and previously as a provider of primary care to inmates during their incarceration. I have been a contractor for the provision of medical care to a County Jail (Elmore County, Alabama). There I served as the medical director for inmate medical services, supervised a nurse practitioner and another physician and personally provided primary medical care to inmates. I have extensive experience in the administration of Emergency Medical Services.
>
> I have served as the Regional EMS Medical Director for Southeast Alabama EMS Council (SEAEMS) and member of the Alabama Department of Public Health

5

EMS Committee for several years. I have served as an EMS Medical Director for many ground and air ambulance services individually. I continue to provide on-line medical direction to paramedic units in my routine practice as an emergency physician. I am well aware of the standard of prehospital provider and EMS service practice.

(Sobel Report [128-32] at pp. 2-3.) Therefore, though Sobel may not have personal experience as an EMT, he is a similarly situated health care provider in emergency medicine, with a wealth of experience in that area, including the supervision and direction of EMTs. The Motion to Exclude Sobel [114], then, will be **denied**.

### D. Motion to Exclude Gonzalez [115]

In its Motion to Exclude Gonzalez [115], AEI argues that Gonzalez's methodology is deficient and that his opinions are not relevant. Plaintiff's Response [124] to this relies in part on Gonzalez's deposition and in part on supplemental disclosures made after the motion was filed, which are not considered, as detailed more fully herein. *See infra* III.A. Gonzelez's expert report does not meet any of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), as it is not signed, does not state the basis and reasons behind Gonzalez's opinions, does not include the facts or data considered, references no applicable exhibits, if any, does not expound on Gonzalez's qualifications, does not list the cases in which he was previously involved, and does not state the compensation he expects to be paid for his testimony.[1] On the record before it, the Court does not find that it is possible perform in its gatekeeping capacity. As such, this issue shall be **deferred** until trial.

### E. Motion to Exclude Lauridson [116]

In its Motion to Exclude Lauridson [116], AEI argues that Lauridson should be excluded as an expert because he is not qualified as a pathologist to opine as to the survivability of Taylor's

---

[1] Despite its deficiencies, Plaintiff's expert disclosure of Gonzalez is deemed to be in full compliance with Rule 26, as AEI did not object within 14 days of the disclosure as required under the Amended Uniform Scheduling Order [89].

6

injuries and because his methodology is unreliable.  Notably, AEI does not argue that Lauridson is not a qualified pathologist, but only that, because he is not a "clinician," he is not qualified to provide expert testimony.

It is fairly obvious to the Court that a qualified pathologist is qualified to opine as to cause and preventability of death.  *See Woodley v. PFG-Lester Broadline, Inc.*, 556 F.Supp.2d 1300, 1309 (M.D. Ala. 2008) (finding a forensic pathologist qualified to testify about cause of death).

Lauridson's methodology is not so clear.  Though his report gives a fairly detailed account of the facts on which he bases his opinions, he does not connect those facts to his opinions.  Instead, at the conclusion of his factual recitation, he states, without detailing any reasons, that "[h]ad [Taylor] received medical treatment, it is my opinion, beyond reasonable medical doubt, that he would have survived these injuries."  (Lauridson Report [128-14] at p. 2.)  Lauridson does expound on his methodology in his deposition, but because the Court does not feel it has enough information to adequately perform in its gatekeeping capacity.  As such, this issue will also be **deferred** until trial.

### III.  MOTIONS TO STRIKE

**A.     Standard of Review**

Supplements to expert disclosures "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e)(2).  Furthermore, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  All expert disclosures were due from the Plaintiff on July 1, 2016.  (*See* Amended Uniform Scheduling Order [89] at p. 2.)

7

Therefore, any supplemental information disclosed after this date will only be allowed if "the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).

B. **Motions to Strike Gonzalez Affidavit [141][142]**

AEI first asks the Court to strike the supplemental disclosures of Gonzalez. Because the only supplementation of his report that has been filed with the Court is his affidavit, the Court assumes that both the Motion to Strike Supplemental Disclosures [141] and Motion to Strike Gonzalez Affidavit [142] deal with the information contained therein. The affidavit is dated April 7, 2017, well after the deadline for expert disclosures. Plaintiff argues that the affidavit contains no new information because it simply provides "a more detailed explanation" of what Gonzalez already stated in his deposition. Even if it were true that all the information in the affidavit was covered in Gonzalez's deposition, the deposition took place on December 6, 2016, also after the expert disclosures of Rule 26 were due. (*See* Gonzalez Depo. [128-28] at p. 1.) Furthermore, the fact that this information was not disclosed until the deposition would have caused harm to AEI because it would not have been able to adequately prepare for the deposition.

There can be little doubt that affidavit contains far more information regarding his opinions than Gonzalez's half-page report, and that this supplementation of his report is not allowed under Rule 37. The Motions to Strike Gonzalez Affidavit [141][142] will therefore be **granted**.

A. **Motion to Strike Lauridson Affidavit [143]**

AEI next challenges Lauridson's Affidavit for the same reasons as Gonzalez's. Though Lauridson expounds on his methodology more in his affidavit and his deposition, his opinion and the underlying factual basis for it remain the same as in his report. According to his report, Lauridson used his medical expertise to review Taylor's injuries and ultimately concluded that medical treatment would have saved his life. (*See* Lauridson Report [128-14].) Though more

8

detailed, nothing in his deposition or affidavit adds anything new to that opinion. Therefore, the Motion to Strike Lauridson Affidavit [143] will be **denied**.

      **B.**      **Motion to Strike Sobel Affidavit [144]**

Finally, AEI requests the Court strike Sobel's affidavit as an untimely supplement. Sobel's affidavit deals only with his qualifications, which were discussed in his report. (*See* Sobel Report [128-32] at pp. 2-3; Sobel Affidavit [128-37].) Though Sobel elaborates on what some of his credentials actually entailed, such as going into details as to his masters thesis and his residency program, there is no new information that should have be disclosed in his initial report. As such, the Court does not find that it should be stricken and will **deny** the Motion to Strike Sobel Affidavit [144].

### IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Exclude McAndrew [111] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Exclude Sobel [114] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Exclude Gonzalez [115] is **deferred**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Exclude Lauridson [116] is **deferred**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Supplemental Disclosures [141] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Gonzalez Affidavit [142] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Lauridson Affidavit [143] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion to Strike Sobel Affidavit [144] is **denied**.

SO ORDERED AND ADJUDGED, on this, the ___18th___ day of August, 2017.

    __s/Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE