# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

**BONNY EDWARD TAYLOR**                                                                                **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 2:14-CV-1163-KS-WC**

**HENRY P. HUGHES,** *et al.*                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court **grants in part and denies in part** Defendants' Motion to Renew [214] their motion for summary judgment on the basis of qualified immunity. The Court grants Defendants' request for the Court to address the question of whether their alleged actions violated clearly established law. But the Court denies the renewed motion for summary judgment as to whether Defendants' alleged actions violated clearly established law.

### A. *Background*

Both this Court and the Court of Appeals have discussed the factual background of this case. *See Taylor v. Hughes*, 920 F.3d 729, 731-32 (11th Cir. 2019); *Taylor v. Hughes*, No. 2:14-CV-1163-KS-WC, 2017 WL 3836680, at \*1-\*2 (M.D. Ala. Aug. 31, 2017). On March 6, 2017, Defendants filed a Motion for Summary Judgment [108] on the basis of qualified immunity. Among other things, Defendants argued that Plaintiff could not meet his burden of showing that they had violated clearly established law. The Court granted Defendants' motion but did not address the question of whether Plaintiff had presented sufficient evidence to

show that Defendants violated clearly established law. On appeal, the Eleventh Circuit reversed the Court's judgment, but it likewise did not address the question of whether Defendants' alleged actions violated clearly established law.

Defendants filed a Motion to Renew [214] their motion for summary judgment on the basis of qualified immunity so that the Court can address the issue of whether their alleged actions violated clearly established law. Defendants incorporated and reasserted their previous arguments on the issue. Plaintiff opposes the motion. He argues that this Court is prohibited from addressing the issue by the law-of-the-case doctrine and the mandate rule.

### B. *Law-of-the-Case Doctrine*

First, Plaintiff argues that the Court may not address Defendants' argument because it is barred by the law-of-the-case doctrine. The "doctrine of the law of the case precludes courts from revisiting issues that were already decided," *Cambridge Univ. Press v. Albert*, 906 F.3d 1290, 1299 (11th Cir. 2018), either "expressly or by necessary implication." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 881 F.3d 835, 843 (11th Cir. 2018). "In particular, findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Albert*, 906 F.3d at 1299.

Here, the Court of Appeals did not address the question of whether Defendants' alleged actions violated clearly established law, despite Defendants' raising it in their briefing on appeal. Likewise, the Court of Appeals did not address

the issue when it summarily denied Defendants' amended petition for rehearing, despite Defendants' specifically raising the issue. Moreover, the Court of Appeals did not decide the issue by necessary implication. It simply found that the Court erred in its determination that Plaintiff had not presented sufficient evidence to create a genuine dispute of material fact as to whether Defendants violated Taylor's constitutional rights, not whether the facts of this case brought it within the contours of previous Eleventh Circuit case law such that "a reasonable official would understand that what he is doing violates that right." *Washington v. Rivera*, 939 F.3d 1239, 1245 (11th Cir. 2019). Therefore, the law-of-the-case doctrine is not applicable.

## C. Mandate Rule

Plaintiff also argues that the mandate rule prohibits the Court's consideration of this issue. The mandate rule "is nothing more than a specific application of the 'law of the case' doctrine." *Albert*, 906 F.3d at 1299. "[A] district court, when acting under an appellate court's mandate, cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; . . . or intermeddle with it, further than to settle so much as has been remanded." *Id.* (punctuation omitted). "The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *Id.*

In its opinion, the Court of Appeals merely remanded the case "for further

3

proceedings consistent with this opinion." *Taylor*, 920 F.3d at 735. There's nothing in the opinion or the mandate prohibiting this Court from addressing the question of whether Defendants' alleged actions violated clearly established law.

### D. *Clearly Established Law*

Defendants argue that Plaintiff can not cite clearly established law holding that their alleged actions violated Taylor's constitutional rights. "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Marbury v. Warden*, 936 F.3d 1227, 1232 (11th Cir. 2019) (quoting *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003)). "A right is clearly established when the right is 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Washington*, 939 F.3d at 1245 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

Qualified immunity cases are "highly fact-specific and involve an array of circumstances pertinent to just what kind of notice is imputed to a government official and to the constitutional adequacy of the official's acts and omissions." *Goebert v. Lee County*, 510 F.3d 1312, 1330 (11th Cir. 2007). "This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful, but it is to say that in light of

4

pre-existing law the unlawfulness must be apparent." *Washington*, 939 F.3d at 1245. "[O]fficials are not obligated to be creative or imaginative in drawing analogies from previously decided cases," and "awareness of the existence of an abstract right . . . does not equate to knowledge that a defendant's conduct infringes that right." *Id.* (quoting *Coffin v. Brandau*, 642 F.3d 999, 1015 (11th Cir. 2011)) (punctuation omitted). The question is "whether the state of the law gave the defendants fair warning that their alleged conduct was unconstitutional." *Id.* (quoting *Vaughan v. Cox*, 343 F.3d 1323, 1332 (11th Cir. 2003)). Plaintiff has the burden of demonstrating that the constitutional right in question was clearly established at the time of the alleged violation. *Marbury*, 936 F.3d at 1232.

In November 2013, it was clearly established that "[u]nder the Eighth Amendment, prisoners have a right to receive medical treatment for their illnesses and injuries." *Taylor*, 920 F.3d at 732-33 (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Likewise, it was clearly established that pretrial detainees – like Taylor – are "protected to the same extent as prisoners by the Fourteenth Amendment's due process clause." *Id.* at 733 (citing *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1115 (11th Cir. 2005)). Finally, it was "clear that an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997), *overruled on other grounds, LeFrere v. Quezada*,

5

588 F.3d 1317, 1318 (11th Cir. 2009). Here, the Court of Appeals ruled that there is a genuine dispute of material fact as to whether Defendants knew that Taylor was in serious need of medical care, and whether they were deliberately indifferent to that need. The law of this Circuit provides fair warning that actions and omissions like those alleged here violate the constitutional rights of pretrial detainees.

Defendants argue that Plaintiff must cite a case holding that an official violated an inmate's constitutional rights by delaying medical treatment after the arresting officer represented that the inmate had been medically cleared. This is clever framing of the issue, but Defendants would have the Court "add an unwarranted degree of rigidity to the law of qualified immunity." *Greason v. Kemp*, 891 F.2d 829, 834 n. 10 (11th Cir. 1990). Plaintiff is not required to cite cases with facts "materially similar" to this one. *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002). Rather, the question is whether Defendants had fair warning that failing or refusing to provide medical care to a detainee they allegedly knew was in serious need of medical care violates that detainee's constitutional rights. It is beyond dispute that they did.

Moreover, the Court of Appeals held that there was a genuine dispute of material fact as to whether Defendants were deliberately indifferent to Taylor's serious medical needs. "A finding of deliberate indifference necessarily precludes a finding of qualified immunity; prison officials who *deliberately* ignore the serious medical needs of inmates cannot claim that it was not apparent to a reasonable

6

person that such actions violated the law." *Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled on other grounds*, *Hope*, 536 U.S. at 739 n. 9. Therefore, the Court finds that Defendants' alleged actions violated clearly established law requiring prison officials to provide medical treatment for a detainee's serious medical needs.

The Court **grants in part and denies in part** Defendants' Motion to Renew [214] their motion for summary judgment on the basis of qualified immunity. The Court grants Defendants' request for the Court to address the question of whether their alleged actions violated clearly established law. But the Court denies the renewed motion for summary judgment as to whether Defendants' alleged actions violated clearly established law.

SO ORDERED AND ADJUDGED this 4th day of November, 2019.

                                                    /s/    Keith Starrett
                                                     KEITH STARRETT
                                UNITED STATES DISTRICT JUDGE