IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BONNY EDWARD TAYLOR,** ) <br> as the Personal Representative ) <br> and Administrator of the ESTATE ) <br> of ALMUS REED TAYLOR, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **HENRY P. HUGHES, et al.,** ) <br> ) <br>     **Defendants.** ) | **CIVIL ACTION NO.** <br> **2:14-cv-1163-WKW-KFP** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
AND DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S CLAIMS,
REQUESTS FOR DAMAGES, AND REQUESTS FOR ATTORNEYS FEES**

COME NOW, Defendants Ben Hunter, Bill Blue, and Roy Parker and both respond to Plaintiff's Motion to Strike their affirmative defenses, (Doc. 286), and move to strike Plaintiff's claims, request for damages, and attorneys' fees. Additionally, because Plaintiff's claims are due to be stricken, Defendants move for dismissal of this action. As grounds, Defendants state as follows:

**ARGUMENT**

Plaintiff's claims, requests for damages, and requests for attorneys' fees are due to be stricken on the same basis Plaintiff has moved to strike Defendants' affirmative defenses. Plaintiff's motion to strike moves this Court strike Defendants' affirmative defenses of contributory negligence and assumption of the risk because defenses were not

expressly set out in the pretrial order. (Doc. 286 – Pg. 4.) Plaintiff's motion specifically argues:

> [Defendants'] affirmative defenses should be struck because they were not raised as defenses by the Defendants in this Court's Pretrial Order. (Doc. 248) Specifically, the Defendants did not assert them in their 'Contentions' nor anywhere else in the Order. Raising these affirmative defenses now is untimely and thus they should be struck."

(Doc. 286 – Pg. 5.) "Those who live in glass houses should not throw stones." While Plaintiff accurately points out that these affirmative defenses were not specifically stated in the pretrial order, Plaintiff fails to recognize that he is identically situated with Defendants regarding the level of specificity in the Contentions portion of the Pretrial Order.

Plaintiff has failed to assert any claims in his "Contentions" or anywhere else in this Court's Pretrial Order. Plaintiff, likewise, has failed to assert or specify any damages anywhere the Pretrial Order. Plaintiff has also failed to assert any request for attorneys' fees anywhere in the Pretrial Order. Thus, in accordance with Plaintiff's argument for striking Defendants' affirmative defenses, Plaintiff's claims, requests for damages, and any request for attorneys' fees are untimely and due to be stricken. Case law supports the conclusion that Plaintiff has abandoned his claims by omitting them from the Pretrial Order. *See State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 9-10 (11th Cir. 1999) (concluding a plaintiff abandoned claims by not including them in pretrial order); *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1462 (11th Cir. 1998) (concluding a plaintiff abandoned § 1981 claim by omitting it entirely from the pretrial order); *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 844 (11th Cir. 1991) (denying a plaintiff's post-trial motion to

amend the pretrial order that omitted a demand for declaratory and injunctive relief); *Crayton v. Alabama Dep't of Agric. & Indus.*, 589 Supp. 2d 1266, 1275 (M.D. Ala. 2008); *Hendricks v. Baptist Health Services*, 278 F.Supp.2d 1276, 1284 n.19 (M.D. Ala. 2003) (concluding a plaintiff had abandoned numerous race discrimination claims by, *inter alia*, not including them in the pretrial order); *Bivins v. Jeffers Vet Supply*, 873 F.Supp. 1500, 1510 (M.D. Ala. 1994) (finding plaintiff abandoned §§ 1981 and 1983 claims when they were not included in pretrial order). Because Plaintiff has abandoned all claims by omitting them from the Pretrial Order, Defendants request this Court issue an order dismissing the case with prejudice.

Alternatively, should this Court determine that Plaintiff's claims have not been abandoned by omitting them from the Pretrial Order, then Defendants' affirmative defenses, likewise, have not been abandoned. The Pretrial Order incorporates the pleadings of the Parties including "[t]he Complaint, Amended Complaints, and all discovery and responses thereto." (Doc. 248 – Pg. 2.) Thus, all complaints and responsive pleading thereto appear to have been incorporated into the Pretrial Order. Although not specifically identified in the Pretrial Order, this would appear to include the Third Amended Complaint and the Answer to the Third Amended Complaint, which contains Defendants' affirmative defenses of contributory negligence and assumption of the risk. (Doc. 56; Doc. 107 p. 7.) Prior to the Pretrial Order, the Third Amended Complaint was the operative complaint and superseded all preceding complaints. (Doc. 56.) The Third Amended Complaint asserted: (1) 42 U.S.C. § 1983 – deliberate indifference to a serious medical need; (2) negligence and wantonness against Defendants Hughes, Blue, Hunter, and Parker that was alleged to

cause the decedent's death. (Doc. 56 pp. 9–12.) However, none of these causes of action were explicitly asserted in the Pretrial Order. (Doc. 248.) Indeed, the Pretrial Order even fails to explicitly cite the Third Amended Complaint, instead opting for the generic descriptor "Complaints [and] Amended Complaints." (Doc. 248 – Pg. 2.) Defendants cannot realistically be expected to expressly plead affirmative defenses in the Pretrial Order when the Plaintiff does not explicitly assert his claims against them. There is effectively nothing to affirmatively defend against.

Plaintiff's motion additionally argues Defendants' affirmative defenses are due to be stricken as "both require the Defendants to show that Almus Taylor knew that he had a lacerated liver and appreciated that these Defendants would deny him medical attention, and that as a consequence, he would die." (Doc 286 – Pg. 3.) A case cited by Plaintiff, however, shows that such is not the case: "To establish contributory negligence . . . a defendant . . . must show that the plaintiff put himself in danger's way and that the plaintiff had a conscious appreciation of the danger at the moment the incident occurred." *Burleson v. RSR Group Florida, Inc.*, 981 So.2d 1109 (Ala. 2007). In this case, Almus Taylor drank to an extreme level of intoxication, drove in this state of intoxication, drove a truck without properly functioning seatbelts or doors, got into an accident that resulted in him being ejected from his truck, returned to the truck and continued driving, declined treatment from EMS, and declined to be taken to the hospital. More significantly, although he had been ejected from his truck, Taylor failed to report this fact to the investigating officer, EMS personnel, or at the jail. Taylor is the only person who could have had a conscious

4

appreciation of the danger posed by his vehicular accident because he was the only one present and he failed to tell anyone.

For the aforementioned reasons, this Court should grant Defendants' Motion to Strike. Should this Court determine that Plaintiff's claims have not been abandoned, then this Court should, likewise, conclude that Defendants' affirmative defenses have not been abandoned and deny Plaintiff's motion to strike.

Respectfully submitted this 12th day of May 2021.

>**s/J. Randall McNeill**
>J. RANDALL MCNEILL (ASB-4841-E29J)
>FRED L. CLEMENTS (ASB-5682-R39C)
>JOSHUA A. WILLIS (ASB-4928-M10T)
>Attorneys for Defendants Bill Blue, Roy Parker, and Ben Hunter
>WEBB MCNEILL WALKER PC
>7475 Halcyon Pointe Dr. (36117)
>Post Office Box 240909
>Montgomery, Alabama 36124
>(334) 262-1850 – T
>(334) 262-1772 – F
>rmcneill@wmwfirm.com
>fclements@wmwfirm.com
>jwillis@wmwfirm.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
Joseph Parker Miller, Esq.
Dana Gibson Taunton, Esq.
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
mike.crow@beasleyallen.com
parker.miller@beasleyallen.com
dana.taunton@beasleyallen.com

             **s/J. Randall McNeill**
             OF COUNSEL